**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM HERRON, | No.   14-16134 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00075-HDM-VPC |
| v. | |
| PERI & SONS FARMS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted February 9, 2017**
San Francisco, California

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

William Herron appeals the district court's summary judgment in his action

alleging that Peri & Sons Farms, Inc., discriminated against him by terminating his

employment as a maintenance mechanic and failing to accommodate his bad back

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of Americans with Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1235 n.1 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment because Herron failed to raise a genuine dispute of material fact as to whether he was "'a qualified individual able to perform the essential functions of the job with reasonable accommodation.'" *Id.* at 1237 (citation omitted) (setting out requirements for a prima facie case of failure to accommodate); *see also id.* (to determine whether an individual is qualified, "'[t]he court first examines whether the individual satisfies the requisite skill, experience, education, and other job-related requirements of the position'" (citation omitted)); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (same requirements for a prima facie case of disability discrimination). The record shows that the maintenance mechanic position for which Herron was hired required a certificate of completion or equivalent from a certified trade school. It is undisputed that Herron lacked a certificate of completion from a certified trade school, and Herron provided no evidence that his various other expired certificates demonstrated equivalent training.

**AFFIRMED.**